833 F.2d 309
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Willis BAILEY, Jr., Plaintiff-Appellant,
v.
Officer RIESS, I.D. Number 1199 of the Prince George's
County Government of Maryland, Police Department; the
Prince George's County Government of Maryland, the Prince
George's County Government of Maryland Police Department,
Defendants-Appellees.
 
 No. 87-2099.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1987.
Decided Oct. 27, 1987.
 Willis Bailey, Jr., appellant pro se.
 John Trahey Beamer, II, County Attorney's Office, for appellees.
 Before JAMES DICKSON PHILLIPS, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willis Bailey filed a complaint alleging that Officer Riess of the Prince George's County Police Department (1) falsely arrested and imprisoned him, (2) abused "legal processes," and (3) maliciously searched his home and took his property. The district court allowed Bailey to amend his complaint to add the "Prince George's County Government of Maryland" and the "Prince George's County Government of Maryland Police Department" as defendants, then dismissed the action as to both defendants. Subsequently, the district court withdrew its order allowing the amendment of the complaint because Bailey had failed to serve the amendment on opposing counsel. Bailey filed a letter certifying that he had now served counsel with a copy of the amended complaint. Bailey also filed a motion to appeal. In his notice of appeal Bailey indicated that he wished to appeal the dismissal of the police department as a defendant.
 
 
 2
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The record before us indicates that final judgment has not yet been entered. Nor do we have jurisdiction under any exception to the final judgment rule.
 
 
 3
 Accordingly, we dismiss this appeal for lack of jurisdiction. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 DISMISSED.